JAMES WOOD, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellants.

St. Louis Court of Appeals, February 9, 1886.

DAMAGES—EVIDENCE.—In an action for damages for the killing of a cow, evidence that the cow was given to the plaintiff by a third person, coupled with a request, that at a future time, the plaintiff give another cow to the plaintiff's son, is sufficient evidence of ownership to support a judgment.

Appeal from the Washington County Circuit Court, John L. Thomas, Judge.

*Affirmed.*

George H. Benton, for the appellant.

John F. Bush, for the respondent.

Thompson, J., delivered the opinion of the court.

This is an action under section 809, Revised Statutes, to recover double damages for killing the plaintiff's cow. The only point urged in this court is, that the evidence shows that the cow did not belong to the plaintiff, but to the plaintiff's son, a boy whose nick name was "Boss;" from which it is argued that the action is not prosecuted in the name of the real party in interest, as required by section 3462, Revised Statutes. Upon this point the evidence was that the plaintiff's father, about the time of his death, gave the cow to the plaintiff, using about the following language : "Take that blue calf as your own, and when Boss (that is my son, we call him Boss) comes twenty-one years old, give him a cow as good as that one will make, over and above what you give your other children, and tell him how that came."

We can not discover any support in this language for the argument that the donor, instead of giving the "blue calf," which afterwards matured into the cow in controversy, to his son, the plaintiff, gave it to his grandson, Boss. Plainly it was a gift of the calf to the plaintiff, coupled with the request that the plaintiff would give to Boss, not the particular cow which this calf would make, but as good a cow, that is, *another* cow. There is nothing in this point; and, as it is admitted that outside of this there was evidence to support the verdict and judgment,

The judgment is affirmed. All the judges concur.